NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLEG PIDTERGERYA, | |
| Petitioner, | Civ. No. 16-0704 (PGS) |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM |
| Respondent. | |

**PETER G. SHERIDAN, U.S.D.J.**

This matter comes before the Court on Petitioner Oleg Pidtergerya's motion for reconsideration. (ECF No. 18). For the following reasons, the motion is denied.

**I.**

The Court adopts the following statement of facts from its prior opinion denying Petitioner's motion under 28 U.S.C. § 2255:

> ... Petitioner was convicted as part of an operation by the Department of Justice to prosecute a host of criminals involved in an elaborate international computer hacking scheme that originated out of Ukraine. Hackers from Ukraine would target American companies and financial institutions, gaining unauthorized access to customer accounts, and then divert money from those accounts to other bank accounts and prepaid debit cards that were opened in the names of identity theft victims. "Cashers" or "cashiers" based around the country would then make withdraws from these fraudulent accounts, and transfer the money via Western Union, MoneyGram, and like services back to Ukraine, after deducting "fees" for their "services." In some instances, cashers would also file false tax returns in the names of these identity theft victims and receive tax refunds from the IRS.
>
> Petitioner managed a casher crew based in the New York area. During his time in the conspiracy, Petitioner's crew defrauded over $1.7 million from at least eleven companies. Petitioner was arrested as part of the DOJ operation, and pled guilty to one count of conspiracy to commit wire fraud and one count of conspiracy to

> commit access device fraud and identity theft. In the plea agreement, Petitioner stipulated that the loss amount he was responsible for was between $1 million and $2.5 million, and that the number of victims was between 10 and 50. [*United States v. Pidtergerya*, No. 14–0166 (D.N.J. entered Apr. 17, 2015) ("Crim. Dkt.") ECF No. 81 at 9]. Based on the relevant guidelines calculations, the parties agreed that the applicable offense level was 26. *Id.* at 11. There was no stipulation or agreement as to Petitioner's criminal history category. *Id.* ("The parties reserve any right they may have ... to appeal the sentencing court's determination of the criminal history category.").
>
> In the presentence report ("PSR"), Probation found that the agreed-to offense level was appropriate, after determining that Petitioner was responsible for a loss amount of $1,758,127.01, the total amount defrauded by the New York crew, across 11 victim companies. PSR at 15. These facts were consistent with the stipulations Petitioner made as part of the plea agreement and, as such, Probation found that the applicable offense level was 26, the same as the agreed-to level. PSR at 26. With regard to Petitioner's criminal history, Probation assigned eight criminal history points to Petitioner, which resulted in a criminal history category of IV. PSR at 33. Based on these findings, Probation calculated that the guidelines sentencing range for Petitioner was 92 to 115 months. PSR at 43.
>
> At sentencing, Petitioner's counsel agreed that the PSR substantially complied with the terms of the plea agreement, and therefore conceded that Petitioner was obligated to accept its sentencing recommendations. ECF No. 13–3 at 5. However, highlighting the lower sentences received by other defendants in the conspiracy, counsel argued that Petitioner should receive the lowest recommended sentence of 92 months. *Id.* at 5–6. Although the Court disagreed with the assertion that Petitioner's sentence was excessive when compared to the other defendants, the Court nevertheless imposed upon him the lowest guidelines sentence, as counsel had argued. *Id.* at 22.

*Pidtergerya v. United States*, No. 16-0704, 2017 WL 4316101, at *1–2 (D.N.J. Sept. 28, 2017).

Petitioner filed a motion under 28 U.S.C. § 2255 on February 9, 2016, (ECF No. 1), and an amended motion on March 7, 2016, (ECF No. 6). The Court denied the motion on September 28, 2017. (ECF No. 17).

Petitioner filed the instant motion for reconsideration on March 12, 2018. (ECF No. 18).

## II.

Local Civil Rule 7.1 allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has

overlooked . . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. The word 'overlooked' is the operative term in the Rule." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (internal citations and quotation marks omitted). Mere disagreement with the Court's decision is not a basis for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

### III.

First, Petitioner's motion for reconsideration is untimely. Local Civil Rule 7.1 requires motions for reconsideration to be filed within 14 days of the judgment being challenged. Local Civ. R. 7.1(i). The Court dismissed the § 2255 motion on September 28, 2017, (ECF No. 17), but Petitioner did not file his motion for reconsideration until almost six months later on March 12,

2018, (ECF No. 18). Petitioner's motion is also untimely under Federal Rule of Civil Procedure 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). The Court therefore denies Petitioner's motion as untimely.

Second, Petitioner has not met the standard for reconsideration. Petitioner asserts reconsideration is warranted because the Court erred by "finding that each of the individuals were victims under [U.S.S.G.] § 2B.1.1(b)(2)(A) . . ." (ECF No. 18 at 1); and "His Sixth Amendment right was violated due to counsel's failure to object to the application of the sentencing enhancement for using sophisticated means in Petitioner's offense level" (*Id.* at 8). Neither of these arguments were raised in Petitioner's amended § 2255 motion. "Only dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration." *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed. 1995)). Therefore, reconsideration is not warranted.

Petitioner's motion is denied.

### IV.

For the reasons stated above, Petitioner's motion for reconsideration is denied. An appropriate order follows.

DATED: _Jan 22_, 2019

_Peter G. Sheridan_
PETER G. SHERIDAN
United States District Judge

4